The request of Mr. Simmons should be denied. A separate Order will be so entered.

E.J. SIMMONS, Plaintiff/Appellant,

v.

Peggy B. DEANS, Clerk, U.S. Bankruptcy Court, Defendant/Appellee.

No. 90–293–CIV–5–BR.

United States District Court,
E.D. North Carolina,
Raleigh Division.

Oct. 25, 1990.

E.J. Simmons, Wrightsville Beach, N.C., pro se.

R.A. Renfer, Jr., Asst. U.S. Atty., Raleigh, N.C., for defendant/appellee.

## ORDER

BRITT, Chief Judge.

This matter is before the court on appeal by plaintiff from an Order of the Bankrupt-cy Court of 20 March 1990 denying the relief sought and dismissing the action. 120 B.R. 827.

Plaintiff, appearing pro se, instituted this action against Peggy Deans, the clerk of the Bankruptcy Court of this District, seeking to compel her to deliver to him, upon the payment of "a reasonable copying fee", certain records of her office. The matter came on before Chief Bankruptcy Judge Thomas M. Moore on motion by defendant to dismiss and motion by plaintiff for summary judgment. The motion to dismiss was based on jurisdiction grounds and was denied by Judge Moore who treated the proceeding as a motion to compel the clerk to provide information. Judge Moore filed a Memorandum Opinion in which he clearly stated his reasons for denying the motion. This appeal followed.

Plaintiff seeks to compel the clerk of the bankruptcy court to provide him with a copy of computer records kept by the clerk. He desires those records for commercial purposes hoping, no doubt, to promote a business venture. Specifically, Simmons seeks to compel the clerk to provide to him diskettes of data from the main database in the court's computer. Originally he requested a listing of those filings involving more than one million dollars. When this request was refused, he requested the computer diskettes from which he might extract the information himself. The computer records are *not* copies of documents that are filed but, rather, are compilations generated in the clerk's office for record-keeping and statistical purposes. The court will not here repeat the method of the day-to-day filing and record-keeping procedures of the clerk's office as they are fully explained in Judge Moore's Memorandum Opinion, to which the reader is referred.

Plaintiff advanced several arguments in support of the motion, all of which were addressed by Judge Moore in reasoning which the court adopts. On appeal plaintiff also advances the argument that Judge Moore erred by improperly taking judicial notice of practices and procedures in the clerk's office, without giving him an

opportunity to be heard. This objection is overruled as it does not appear that plaintiff requested an opportunity to be heard as required by Fed.R.Evid. 201(e).

## DISCUSSION

The applicable standard of appellate review is the "clearly erroneous" standard for issues of fact and *de novo* review for issues of law. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303 (5th Cir.1985). Plaintiff has failed to show that any finding of fact by Judge Moore was clearly erroneous. Additionally, a *de novo* review of the law convinces the court that Judge Moore's decision is correct. The same will, therefore, be affirmed for the reasons set forth in his Memorandum Opinion. Expanding on that opinion the court would point out that it is the desire of the United States Courts to make all of its records available to the public as rapidly as possible. There is no question that, with very limited exceptions, *all* court records are public records and the public is entitled to them. Judge Moore so held and plaintiff does not contend that he has been denied access to any document filed in the clerk's office. The Judicial Conference of the United States and agencies and committees under its supervision are constantly seeking ways in which desired information can be provided to the public quicker and at minimal cost. Computer technology, long neglected in the federal courts, is now making great strides and new advances are being made almost daily. The Bar and the public are now able to obtain docketing and other information from computers accessed by telephone. As advances are made they will be made available to the public, plaintiff included. However, the clerks of the various courts cannot be compelled to compile information upon individual request. Neither can the clerk be ordered to share her in-house records and statistical information without considering the costs involved, the time constraints on court personnel and the need to have a uniform policy for the public at large. The Judicial Conference is the policy-making body of the federal courts and rules governing public release of computer-generated statistical information must originate there. As the need and public desire for such information increase policies will, no doubt, be developed. In the meantime, courts must deal with such requests on a case-by-case basis. It is true that there is a common-law right of access to the courts but, as the Supreme Court has said: "... the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 1312–13, 55 L.Ed.2d 570 (1978). The bankruptcy court has exercised its discretion in light of the relevant facts and circumstances as set out in Judge Moore's opinion.

The order appealed from is AFFIRMED.