935 F.2d 1287
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
E.J. SIMMONS, Plaintiff-Appellant,
v.
Peggy B. DEANS, Clerk, U.S. Bankruptcy Court, Eastern
District of North Carolina, Defendant-Appellee.
 No. 91-2018.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 30, 1991.
Decided June 20, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-90-293-5-CIV-B)
 E.J. Simmons, appellant pro se.
 G. Norman Acker, III, Office of the United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C., 120 B.R. 831.
 VACATED AND REMANDED.
 Before WILKINS, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 E.J. Simmons filed this suit against the clerk of the bankruptcy court seeking to compel her to provide him with access to the court's computer database. The bankruptcy court entered judgment against Simmons and the district court affirmed, reasoning that, under Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978), the decision as to access to the courts is one best left to the sound discretion of the trial court.
 
 
 2
 Simmons seeks information contained in the "cover sheet" which is required by Local Bankruptcy Rule No. 1007.2 to be filed with every petition for relief. The cover sheet summarizes the assets and liabilities listed elsewhere in the petition. Upon filing, this information is entered into the clerk's computer database and the cover sheet is then apparently sometimes discarded. The record is not clear as to the clerk's policy with respect to the disposition of the cover sheet. Simmons requested additional discovery to explore this issue, but the bankruptcy court entered judgment against him before he was given an opportunity to do so.
 
 
 3
 Under Rule 56(f), Fed.R.Civ.P., summary judgment "may be inappropriate where the party opposing it shows ... that he cannot at the time present facts essential to justify his opposition." Fed.R.Civ.P. 56(e), Advisory Committee note (1963).[1] Although here Simmons was the party moving for, rather than opposing, summary judgment, the bankruptcy court's sua sponte entry of judgment against him raises the same concern that the losing party have been afforded a fair opportunity to establish the existence of a material factual issue. See 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 2720, at 34 (1983).
 
 
 4
 The bankruptcy court erred in awarding summary judgment to Deans because Simmons clearly requested additional time for discovery in his supplemental memorandum in support of motion for summary judgment, he had not proceeded in a dilatory fashion, and the factual issue on which he sought discovery was material to the case. Simmons's request need not be in the form of a sworn affidavit. Littlejohn v. Shell Oil Co., 456 F.2d 225 (5th Cir.1972), aff'd in relevant part and vacated in part on other grounds, 483 F.2d 1140 (5th Cir.) (en banc), cert. denied, 414 U.S. 1116 (1973).
 
 
 5
 Therefore, we vacate the order of the district court and remand the case to the bankruptcy court in order to give Simmons the opportunity to conduct the discovery he has requested. In light of the record as developed, the bankruptcy court should then determine whether the defendant has complied with 11 U.S.C. Sec. 107(a), which provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 [1]
 The bankruptcy court has adopted Rule 56 in its entirety. Bankr.R. 7056